UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
9:23-cv-80791 | CIVIL | JUDGE

KIRILL VESSELOV, MIKHAIL VESSELOV, and HAVEN HEALTH MANAGEMENT LLC,

    Plaintiffs,

v.

LAIRD HARRISON and MEDSCAPE LLC,

    Defendants.

**JOINT NOTICE OF REMOVAL
BY DEFENDANTS LAIRD HARRISON AND MEDSCAPE LLC**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Laird Harrison ("Harrison") and Medscape LLC ("Medscape") (collectively the "Defendants") hereby jointly remove this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court of the Southern District of Florida, West Palm Beach Division. In support of this removal, the Defendants state as follows.

**INTRODUCTION**

1. On April 10, 2023, Kirill Vesselov, Mikhail Vesselov, and Haven Health Management LLC ("Plaintiffs") filed this action in the Circuit Court of

1

the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled as *Kirill Vesselov, Mikhail Vesselov, and Haven Health Management LLC v. Laird Harrison and Medscape LLC*, Cause No. 2023-CA-002219. *See* **Exhibit A,** Complaint and Demand for Jury Trial.

2. Medscape received service of the Summons and Complaint on April 18, 2023.

3. Harrison received service of the Summons and Complaint on May 9, 2023.

4. The Complaint alleges that Defendants disseminated disinformation by publishing defamatory content on Medscape's website and seeks an award of damages, interest, injunctive relief, treble and/or punitive damages, attorneys' fees, and costs. *Id.* The Complaint asserts the following claims:

    a. Defamation *Per Se* (Negligence)
    b. Defamation *Per Se* (Knowing or Reckless Disregard)
    c. Defamation *Per Quod* (Negligence)
    d. Defamation *Per Quod* (Knowing or Reckless Disregard)
    e. Conspiracy to Defame
    f. Injunctive Relief

5. Defendants have not yet responded to the Complaint.

6. As shown below, the Court has diversity jurisdiction over this

action and all conditions necessary to remove this action to this Court have been satisfied.

### JURISDICTIONAL STATEMENT—28 U.S.C. 1332(a)

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a).

8. Section 1332(a) creates diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a).

9. This action satisfies both of those jurisdictional prerequisites.

**Complete Diversity**

10. Plaintiff Mikhail Vesselov is an individual who resides in Palm Beach County, Florida, and is a citizen of Florida.

11. Plaintiff Kirill Vesselov is an individual who resides in Palm Beach County, Florida, and is a citizen of Florida.

12. Plaintiff Haven Health Management LLC is a limited liability company registered in Florida, with its principal place of business in Palm Springs, Florida. Haven Health Management LLC is a citizen of Florida because its sole member is United Central Service Company, Inc., which is a corporation that is organized under the laws of Florida and has its principal place of business—i.e., its corporate headquarters—in Florida.

13. Defendant Laird Harrison is an individual who resides in California and is a citizen of California.

14. Defendant Medscape LLC ("Medscape") is a Delaware limited liability company[1] that has a single member, WebMD Health Corp. WebMD Health Corp. is a corporation organized under the laws of Delaware and with a principal place of business—i.e., its corporate headquarters—in New Jersey. Therefore, Medscape is a citizen of Delaware and New Jersey.

15. Because Plaintiffs are all citizens of Florida and Defendants are citizens of California, Delaware, and New Jersey, there is complete diversity between the Defendants and the Plaintiffs. *See* 28 U.S.C. § 1332(a)(1).

## Amount in Controversy

16. Plaintiffs seek damages in an amount to be determined at trial. Compl. ¶¶ 65, 74, 83, 90, 96, and Prayer for Relief ¶ A.

17. Plaintiffs also seek pre-judgment and post-judgment interest on any amounts awarded. Prayer for Relief ¶ B.

18. Plaintiffs claim that the amount in controversy exceeds $50,000 "exclusive of interest, attorney's fees, and costs." Compl. ¶ 9. Plaintiffs' state

---

[1] While the Complaint incorrectly alleges that Medscape is a New York limited liability company (Compl. ¶ 14), it has no bearing on the citizenship analysis because a limited liability company has the citizenship of its members.

4

court civil cover sheet also indicates that the amount of their claim is over $100,000.00. *See* ECF 1-3, at 2.

19. Plaintiffs also seek punitive damages. Compl. ¶¶ 65, 74, 83, 90, 96, and Prayer for Relief ¶ D.

20. Florida statute provides that an award of punitive damages may not exceed the greater of three times the amount of compensatory damages awarded to each claimant or the sum of $500,000. Fla. Stat. § 768.73(1)(a).

21. If trebled, the value of Plaintiffs' claim for punitive damages would in and of itself exceed $75,000 (i.e., $50,000 x 3 = $150,000).

22. Accordingly, the amount placed in controversy exceeds $75,000.

\*　　\*　　\*

23. Because there is complete diversity and more than $75,000 in controversy, this Court has original subject-matter jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1).

24. Because this Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332, Defendants may remove this action under 28 U.S.C. § 1441(a).

## Procedural Statement

25. Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" jurisdictional allegation and it is not necessary to attach evidence to a notice of removal. *See Dart Cherokee Basin Operating Co. v. Owens*, 574

U.S. 81, 84 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.").

26. Pursuant to 28 U.S.C. §§ 89(b) and 1441, and Internal Operating Procedure Section 2.01.01(d), this Notice of Removal is properly filed in the United States District Court for the Southern District of Florida, West Palm Beach Division, because that judicial district and division embrace the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where this action is currently pending.

27. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this Notice of Removal has been timely filed within thirty (30) days of service because Plaintiffs first purported to serve Medscape on April 18, 2023 and Harrison on May 9, 2023.

28. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

29. Pursuant to 28 U.S.C. § 1446(a), a copy of the initial Complaint is attached as **Exhibit A**, a copy of the state-court docket as of the date of this Notice is attached as **Exhibit B**, and copies of other process, pleadings, motions, orders, and papers served upon Defendants in this action as of the date of this Notice are attached collectively as **Exhibit C**.

30. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Joint Notice of Removal in the Circuit Court of the Fifteenth

Judicial Circuit in and for Palm Beach County, Florida, and give Plaintiffs written notice of the removal of this action.

33. By removing this action to this Court, Defendants do not admit that they have any liability to the Plaintiffs or anyone else and does not waive any defenses that are available to it under state or federal law. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (emphasis in original).

32. Defendants reserve the right to move to dismiss or for summary judgment pursuant to Federal Rules of Civil Procedure 12 and 56.

33. Defendants also reserve the right to amend or supplement this Joint Notice of Removal and to present legal argument and evidentiary support if federal jurisdiction is questioned.

**WHEREFORE**, Defendants Laird Harrison and Medscape LLC hereby jointly remove this action to the United States District Court of the Southern District of Florida, West Palm Beach Division.

Dated: May 18, 2023                    Respectfully Submitted,


*/s/ Emanuel L. McMiller*
Traci T. McKee (FL #53088)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, D.C. 20005
Tel:  (202) 842-8800
Fax: (202) 842-8465
traci.mckee@faegredrinker.com

Emanuel L. McMiller (FL #1025242)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Tel:  (317) 237-0300
Fax: (317) 237-1000
manny.mcmiller@faegredrinker.com

Zoe K. Wilhelm
(Motion for *pro hac vice* forthcoming)
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Tel:   (310) 203-4000
Fax:  (310) 229-1285
zoe.wilhelm@faegredrinker.com

*Attorneys for Laird Harrison and Medscape LLC*

## **CERTIFICATE OF SERVICE**

I, Emanuel L. McMiller, hereby certify that on May 18, 2023, I filed the foregoing Joint Notice of Removal via the Court's ECF system and served the following counsel a courtesy copy via United States mail:

Leon F. Hirzel, Esq.
Hirzel Dreyfuss & Dempsey, PLLC
121 Alhambra Plaza, Suite 1500
Coral Gables, FL 33134
Telephone: (305) 615-1617
Fax: (305) 615-1585
Email: hirzel@hddlawfirm.com

*Counsel for Plaintiffs*

/s/ *Emanuel L. McMiller*
Emanuel L. McMiller